IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00273-MR
[CRIMINAL CASE NO. 1:09-cr-00063-MR-WCM-1]

| | |
|---|---|
| KENKETH LEE GARDNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [CR Doc. 1[1]].

## I.   BACKGROUND

Petitioner Kenneth Lee Gardner ("Petitioner") pleaded guilty to one count of conspiracy to possess with the intent to distribute less than 500 grams of a mixture or substance containing cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846.  [CR Doc. 9: Amended Bill of Information; <u>Id.</u>

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:19-cv-00273-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:09-cr-00063-MR-WCM-1.

at Doc. 13: Acceptance and Entry of Guilty Plea]. The Court sentenced Petitioner on May 20, 2010. The probation office prepared a Presentence Investigation Report ("PSR") in advance of sentencing. [CR Doc. 19: Presentence Report]. Petitioner's Total Offense Level was 29. [Id. at ¶ 26]. Petitioner's criminal history category was VI. [Id. at ¶ 45]. The resulting guidelines imprisonment range was 151 to 188 months, and the statutory range was a term of imprisonment of not more than 20 years. [Id. at ¶¶ 73, 74]. The Court sentenced Petitioner to a term of 120 months' imprisonment and a term of 3 years of supervised release. [CR Doc. 56 at 2-3: Judgment]. Judgment was entered on Petitioner's conviction on June 18, 2010. [CR Doc. 56: Judgment]. Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals, which affirmed this Court's judgment. [CR Doc. 72].

On May 20, 2016, Petitioner filed a Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, which was denied and dismissed on the merits. [CR Docs. 83, 85]. The Fourth Circuit Court of Appeals dismissed Petitioner's subsequent appeal and denied a certificate of appealability. [CR Docs. 86, 88]. On or about January 16, 2018, Petitioner completed his custodial term of incarceration, and his three-year term of supervised release began. [See CR Doc. 90 at 1: Petition for Warrant for Offender Under

Supervision].  On October 11, 2018, the U.S. Probation Office filed a supervised release violation alleging that Petitioner committed several new law violations in relation to a motor vehicle accident that was caused by Petitioner.  These violations included driving while impaired and failure to stop at a red light, both Grade C violations; and misdemeanor possession of a Schedule II controlled substance and leaving the scene of an accident, both Grade B violations.  [CR Doc. 90 at 2].  A United States Magistrate Judge thereafter issued a warrant for Petitioner's arrest.  [Id. at 6].

Petitioner was arrested on December 20, 2018.  Petitioner's initial appearance on the revocation of supervised release was held on December 21, 2018.  On March 31, 2019, the Court held a hearing on the revocation of Petitioner's supervised release.  Present at the hearing were Petitioner, his attorney, and counsel for the Government.  At the hearing, Petitioner admitted to the new law violations.  [Doc. 107 at 3: Revocation Hearing Tr.].  The Court determined, and counsel for both parties agreed, that based on Petitioner's criminal history category of VI and the statutory maximum for a term of incarceration after a class C felony, the guideline range was limited to between 21 and 24 months.  [Id. at 3-4].  After hearing arguments of counsel and Petitioner's statement to the Court, the Court revoked Petitioner's supervised release and sentenced Petitioner to a term of 14

months' imprisonment, below the guideline range. [Id. at 4-13]. The Court also noted, after being advised by his courtroom clerk, that an outstanding balance of $14,504 for attorney fees remained from the prior Judgment and that the Court would include that balance in the judgment on Petitioner's revocation proceeding. [Id. at 16-17].

Petitioner filed the instant § 2255 Motion to Vacate on September 20, 2019 challenging his revocation proceedings and the judgment thereon.[2] [CV Doc. 1].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any

---

[2] Petitioner's pending Section 2255 motion is not considered a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b) because Petitioner is challenging a new, intervening judgment, not his original judgment of conviction. See In re Gray, 850 F.3d 139, 142-3 (4th Cir. 2017) ("[W]hen a habeas petition is the first to challenge a new judgment, it is not second or successive within the meaning of § 2244(b).").

attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After conducting its initial review and examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner raises four claims in his motion to vacate. Specifically, Petitioner argues that: (1) the Court violated Petitioner's Sixth Amendment right by "us[ing] an element to increase the penalty of the original crime of conviction with-out [sic] the juries findings of the fact beyond a reasonable doubt," (2) his counsel was ineffective for leaving the courtroom "while restriction and fines for attorneys fees were retroactively applied to the original sentence of 2010," (3) the Court erred in allowing the proceedings to continue without the presence of counsel during the "assessment" of the fees, and (4) the Court abused its discretion in allowing the clerk to discover the fine that remained outstanding from the original Judgment. [CV Doc. 1 at 4-8]. Petitioner, however, does not specify what relief he is seeking from the Court. [CV Doc. 1 at 12].

In evaluating the Petitioner's motion, the Court will group the claims into the following two categories: (1) Petitioner's claim regarding the Court's alleged decision to increase the penalty for his original crime of conviction and (2) Petitioner's claims regarding the attorney fees.

### A. Penalty Increase Without Jury Finding

Petitioner argues with respect to this issue as follows:

> After reviewing 3583(k) the court violated the defendant's 6th amendment right. Upon revoke [*sic*] of supervised release, the court used an element to increase the penalty of the original crime of conviction with-out the juries findings of the fact beyond a reasonable doubt.

[CV Doc. 1 at 4]. It appears that Petitioner is arguing that, when the Court revoked Petitioner's supervised release and imposed a 14-month term of imprisonment as a result of Petitioner's new law violations, the Court improperly increased the penalty of the original crime of conviction based on the Court's own factual findings rather than on jury findings.

Generally, the Due Process Clause and the Sixth Amendment require that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt or admitted by the defendant." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

6

Section 3583(k), which is cited by Petitioner, pertains to the imposition of supervised release for certain convicted sex offenders. It calls for a mandatory minimum term of incarceration of five years on revocation, if that revocation is based on a new sex offense, without regard to the length of the prison term authorized for a defendant's initial crime of conviction. 18 U.S.C. § 3583(k). The Supreme Court recently addressed whether Section 3583(k) is constitutional. United States v. Haymond, 139 S. Ct. 2369 (2019). The Supreme Court found that Section 3583(k) violates the Due Process Clause and the Sixth Amendment, because it increases the mandatory minimum based on a finding of guilty by the court without a jury finding, in violation of Alleyne v. United States, 570 U.S. 99, 103, 133 S. Ct. 2151. 2155 (2013). Haymond, 139 S. Ct. at 2378.

Section 3583(k), however, has no application here. It pertains to sex offenders who violate the terms of supervised release by committing a new sex offense. Petitioner was convicted of a drug charge and admitted he violated his supervised release by committing a new controlled substance violation. Moreover, Petitioner did not face a new mandatory minimum sentence on revocation, which was the entire basis of the holding in Haymond. Petitioner argues for a vast extension of Haymond. At the revocation hearing, Petitioner admitted to the new law violations at issue.

7

There was no dispute regarding whether he did, in fact, violate the terms of his supervised release and the Court found no facts. Just as a defendant who pleads guilty waives his right to a jury, if Petitioner here had any jury right, he waived it by admitting his violations. There was no constitutional violation. The Court, will, therefore deny Petitioner's Section 2255 motion on this ground.

**B.     Attorney Fees**

Petitioner also takes issue with the Court's "carry over" of the attorney fees from the original Judgment [CR Doc. 56] to the Judgment on Petitioner's supervised release revocation [CR Doc. 106].

Petitioner appears to allege that he received ineffective assistance of counsel because his attorney left the courtroom when the Court mentioned these fees. Petitioner's allegation on this ground is conclusory and wholly unsupported by the record. Petitioner's attorney was present during the entire revocation hearing and, in fact, helped Petitioner obtain clarification from the Court regarding what the fees related to. [CR Doc. 107 at 17]. Petitioner's speculative assertions, therefore, are insufficient to meet his burden to establish deficient performance by his attorney. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations), cert.

denied, 135 S. Ct. 47 (2014). Furthermore, Petitioner's claim that the Court erred by allowing the hearing to proceed without Petitioner's attorney present is also conclusory and unsupported by the record. The Court will, therefore, deny Petitioner's Section 2255 motion based on these grounds.

With regard to Petitioner's claim that the Court somehow abused its discretion in allowing the clerk to discover that there was an outstanding balance on the attorney fees owed by Petitioner on the original judgment, this claim is completely without merit and warrants no further discussion.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate is denied and dismissed.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529

U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: November 18, 2019

Martin Reidinger
United States District Judge