# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00273-MR
# [CRIMINAL CASE NO. 1:09-cr-00063-MR-WCM-1]

| | |
|---|---|
| KENNETH LEE GARDNER, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____) | ORDER |

**THIS MATTER** is before the Court on the Petitioner's *Pro Se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [CV Doc. 5[1]].

## I. PROCEDURAL HISTORY

Petitioner Kenneth Lee Gardner ("Petitioner") pleaded guilty to one count of conspiracy to possess with the intent to distribute less than 500 grams of a mixture or substance containing cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. [CR Doc. 9: Amended Bill of Information; <u>Id.</u>

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:19-cv-00273-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:09-cr-00063-MR-WCM-1.

at Doc. 13: Acceptance and Entry of Guilty Plea].  On May 20, 2010, the Court sentenced Petitioner to a term of 120 months' imprisonment and a term of 3 years of supervised release.  [CR Doc. 56 at 2-3: Judgment].  Judgment was entered on Petitioner's conviction on June 18, 2010.  [CR Doc. 56: Judgment].  Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals, which affirmed this Court's judgment.  [CR Doc. 72].

On May 20, 2016, Petitioner filed a Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, which was denied and dismissed on the merits.  [CR Docs. 83, 85].  The Fourth Circuit Court of Appeals dismissed Petitioner's subsequent appeal and denied a certificate of appealability.  [CR Docs. 86, 88].  On or about January 16, 2018, Petitioner completed his custodial term of incarceration, and his three-year term of supervised release began.  [See CR Doc. 90 at 1: Petition for Warrant for Offender Under Supervision].  On October 11, 2018, the U.S. Probation Office filed a supervised release violation alleging that Petitioner committed several new law violations in relation to a motor vehicle accident that was caused by Petitioner.  These violations included driving while impaired and failure to stop at a red light, both Grade C violations; and misdemeanor possession of a Schedule II controlled substance and leaving the scene of an accident,

both Grade B violations. [CR Doc. 90 at 2]. A United States Magistrate Judge thereafter issued a warrant for Petitioner's arrest. [Id. at 6].

Petitioner was arrested on December 20, 2018. Petitioner's initial appearance on the revocation of supervised release was held on December 21, 2018. On March 31, 2019, the Court held a hearing on the revocation of Petitioner's supervised release. Present at the hearing were Petitioner, his attorney, and counsel for the Government. At the hearing, Petitioner admitted to the new law violations. [Doc. 107 at 3: Revocation Hearing Tr.]. The Court determined, and counsel for both parties agreed, that based on Petitioner's criminal history category of VI and the statutory maximum for a term of incarceration after a class C felony, the guideline range was limited to between 21 and 24 months. [Id. at 3-4]. After hearing arguments of counsel and Petitioner's statement to the Court, the Court revoked Petitioner's supervised release and sentenced Petitioner to a term of 14 months' imprisonment, below the guideline range. [Id. at 4-13].

On September 20, 2019, Petitioner filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence, challenging his revocation proceedings and the judgment entered thereon. [CV Doc. 1]. The Court denied and dismissed Petitioner's motion on the merits. [CV Doc. 3].

Petitioner filed the instant § 2255 Motion to Vacate on December 16, 2019, again challenging his revocation proceedings and the judgment thereon. [CV Doc. 5]. In his motion, Plaintiff also moves the Court to release "the camera footage of the trial [on] March 21, 2019[2]" and to appoint counsel for Petitioner. [CV Doc. 5 at 2].

## II.   STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   DISCUSSION

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed with this Court.  28 U.S.C. §

---

[2] It appears Petitioner is referring to Petitioner's supervised release revocation hearing, which was held on March 21, 2019.

2255(h). To certify a second or successive § 2255 motion for filing with this Court, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. Petitioner's first motion challenging his revocation proceedings and the judgment entered thereon was adjudicated on the merits. [CV Doc. 3]. Petitioner has not sought and obtained certification from the Fourth Circuit Court of Appeals prior to filing this motion. As such, this Court may not consider the merits of Petitioner's claim here.

## IV. CONCLUSION

The Court will deny Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [CV Doc. 5].

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

5

debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 5] is **DENIED** and **DISMISSED WITH PREJUDICE** as an unauthorized second or successive petition.

**IT IS FURTHER ORDERED** that Petitioner's motions for the Court to release camera footage and to appoint counsel [Doc. 5] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court declines to grant a certificate of appealability.

**IT IS SO ORDERED**.

Signed: January 15, 2020

Martin Reidinger
United States District Judge

6